**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARMANDO JOSE SOSSA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>KEN CLARK, Warden,<br><br>　　　　Respondent. | NO. CV 08-1549 SVW (FMO)<br><br>**ORDER ADOPTING FINDINGS,**<br>**CONCLUSIONS AND RECOMMENDATIONS**<br>**OF UNITED STATES MAGISTRATE JUDGE** |

**INTRODUCTION**

On February 24, 2008, petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. On March 12, 2008, the Court dismissed the Petition with leave to amend. (See Court's Order of March 12, 2008, at 1-2). On June 11, 2008, petitioner filed a First Amended Petition ("FAP"). On December 15, 2008, respondent filed a Motion to Dismiss the FAP ("Motion"), asserting that the FAP is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). Petitioner filed an Opposition to the Motion ("Opposition") on March 12, 2009. Respondent did not file a Reply to the Opposition.

On April 17, 2009, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the Motion be granted and the FAP be dismissed with prejudice as untimely. Thereafter, on June 12, 2009, petitioner filed Objections to the R&R ("Objections").

**DISCUSSION**

In his Objections, petitioner asserts that he is entitled to equitable tolling because he needed additional time to: (a) retype his FAP to make necessary amendments; (b) modify his FAP to comply with the Court's order; (c) request leave to exceed 25 pages; (d) secure necessary mailing supplies; and (e) determine whether to plead his Miranda issue independently or in the context of an ineffective assistance of counsel claim. (See Objections at 7, 11 & 12). Petitioner also argues that his FAP is timely because: (a) Rule 60 of the Federal Rules of Civil Procedure provides relief for inadvertent errors; (b) respondent waived his affirmative defenses; and (c) the FAP was filed in conformance with Court orders. (See id. at 4-12).

As an initial matter, the Court notes that petitioner's Objections raise new facts and arguments that were never presented to the Magistrate Judge. (Compare Objections at 7, 11 & 12 with Opposition at 1-26). "[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000), cert. denied, 534 U.S. 831, 122 S.Ct. 76 (2001); accord Brown v. Roe, 279 F.3d 742, 744 (9th Cir. 2002). A district court "also has the discretion to decline to consider arguments presented for the first time in a party's objections to a Magistrate Judge's Findings and Recommendation." Aleck v. United States, 2005 WL 2709502, at *1 (D. Or. 2005) (citing Jones v. Blanas, 393 F.3d 918, 935 (9th Cir. 2004) and Howell, 231 F.3d at 621-22). "[S]uch discretion has been exercised in this regard, especially when declining to address a new argument first raised in the objections." Id. (citing Howell, 231 F.3d at 621-22).

Here, the new facts and arguments were available to petitioner at the time he filed his Opposition and petitioner offers no explanation for his failure to raise them earlier. (See, generally, Objections at 1-12). Under the circumstances, the Court will exercise its discretion and decline to consider the new facts and arguments petitioner asserts in his Objections. "Such a policy is reasonable since the referral mechanism is intended to help ease the heavy workloads of the district courts and to aid in the efficient resolution of disputes." ISM Sports, Inc. v. Lemonia Gyro & Souvlaki, Inc., 2005 WL 1861308, at *2 (E.D.N.Y. 2005); see also Howell, 231 F.3d at 622 ("To

require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court. . . .  Equally important, requiring the district court to hear evidence not previously presented to the magistrate judge might encourage sandbagging.").

However, even on the merits, petitioner's Objections are insufficient to establish a basis for equitable tolling.  First, given that petitioner's FAP contained the same claims he had intended to attach to his original Petition, petitioner had all the information he needed to at least raise his claims and prepare a basic form habeas petition.[1]  See United States v. Battles, 362 F.3d 1195, 1198 (9th Cir. 2004) ("Surely due diligence requires that [petitioner] at least consult his own memory of the trial proceedings."); Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1014 (9th Cir. 2009) ("If diligent, he could have prepared a basic form habeas petition and filed it to satisfy the AEDPA deadline[.]"); Saunders v. Torres, 2009 WL 928340, at *5 (E.D. Cal. 2009) (petitioner not entitled to equitable tolling where "claims either were known to Petitioner given they had already been presented in state petitions, or should have been known to Petitioner at the time of trial[]").  Second, petitioner provides no explanation for his contention that he needed additional time "to comport with the court's amendment orders."  (See Objections at 11).  Indeed, the Court's Order Dismissing Petition with Leave to Amend merely ordered petitioner to file a First Amended Petition on the Court's form, a copy of which was attached to the Order.  (See Court's Order of March 12, 2008, at 2-3).  Third, petitioner's contention that he was denied access to necessary mailing supplies, (see Objections at 11), is belied by his ability to file two requests for extension of time prior to the May 24, 2008, AEDPA deadline.  Fourth, although petitioner asserts that he needed

---

[1]  Similarly, by filing a basic form petition to satisfy the AEDPA deadline, petitioner would not have needed to draft a request to exceed the 25-page limit.  See Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1014 (9th Cir. 2009) ("[Petitioner] could have developed that argument, outlined the other arguments and the facts underlying those arguments on the form habeas petition, and then sought to amend his petition when he got more information.").  In any event, petitioner provides no explanation as to why a two-page request to exceed the page limit, (see Petitioner's Request for Leave of Court to File Pleadings in Excess of 25 Pages, at 1-2), took him months to complete.  (See Objections at 7); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (equitable tolling is only appropriate where "external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim").

additional time "to research whether he should plead his Miranda issue independently or in the context of an [ineffective assistance of counsel] contention[,]" (Objections at 12), he did not include a Miranda claim in his FAP. (See, generally, FAP at 1-89).

Petitioner also argues that he is entitled to relief under Rule 60(b) for his "inadvertent failure to attach a document to the form petition[.]" (See Objections at 6). However, Rule 60(b) provides grounds for relief only from a final judgment, which has not been entered in this case. See Fed. R. Civ. P. 60(b); (see, e.g., Notice of Filing of Magistrate Judge's Report and Recommendation) ("The Report and Recommendation of a Magistrate Judge is not a final appealable order."). In any event, petitioner's "inadvertent failure to attach a document to the form petition[,]" (Objections at 6), is not an extraordinary circumstance justifying equitable tolling. See Waldron-Ramsey, 556 F.3d at 1011 ("To apply the doctrine in extraordinary circumstances necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances stood in [the] way suggests that an external force must cause the untimeliness, rather than . . . merely oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.") (internal quotation marks and citation omitted).

Petitioner also contends that respondent waived his affirmative defenses by filing his Motion late. (See Objections at 4-5). AEDPA's one-year statute of limitations is an affirmative defense "that a state waives . . . by filing a responsive pleading that fails to affirmatively set forth the defense." Morrison v. Mahoney, 399 F.3d 1042, 1046 (9th Cir. 2005). Here, respondent timely raised the statute of limitations defense in his Motion. (See Motion at 2-7). Further, even assuming, arguendo, that respondent waived the defense by filing his Motion "some three days in excess of the court's scheduled due date for the motion[,]" (Objections at 4), the Court may "consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." Day v. McDonough, 547 U.S. 198, 209, 126 S.Ct. 1675, 1684 (2006) (italics in original); see also id. at 209 & n. 9, 126 S.Ct. at 1683 & n. 9 (the state can amend its responsive pleading to raise the statute of limitations defense).

Finally, petitioner argues that his FAP was timely because he filed it in accordance with the Court's orders granting him additional time in which to file his FAP. (See Objections at 8-12).

4

Federal "judges have no obligation to act as counsel or paralegal to *pro se* litigants." Pliler v. Ford, 542 U.S. 225, 231, 124 S.Ct. 2441, 2446 (2004) (italics in original). It is not the Court's obligation to determine whether granting petitioner's requests for extensions of time would render his FAP untimely. Nor does the Court have an obligation to perform the calculations necessary to determine if the FAP or any of the claims contained therein are timely. See Day, 547 U.S. at 209-10, 126 S.Ct. at 1684 (stressing that a district court has no obligation to make statute of limitations calculations for either the petitioner or the respondent).

In short, petitioner has not met the "very high threshold," Battles, 362 F.3d at 1197, of demonstrating his own diligence and establishing the existence of extraordinary circumstances beyond his control which were the cause of his untimeliness. See Waldron-Ramsey, 556 F.3d at 1011 ("the requirement that extraordinary circumstances stood in his way suggests that an external force must cause the untimeliness, rather than . . . merely oversight, miscalculation or negligence on the petitioner's part") (internal quotation marks and brackets omitted).

## **CONCLUSION**

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the First Amended Petition, all of the records herein, the Report and Recommendation of the United States Magistrate Judge, and the Objections to the Report and Recommendation. The Court has made a de novo determination of the portions of the Report and Recommendation to which Objections were directed. The Court concurs with and adopts the findings and conclusions of the Magistrate Judge. Accordingly, IT IS ORDERED THAT:

1. Respondent's Motion to Dismiss **(Document No. 25)** is **granted**.

2. Judgment shall be entered dismissing the action with prejudice.

3. The Clerk shall serve copies of this Order and the Judgment herein on the parties.

DATED: May 14, 2010.

```
                                    _____
                                    STEPHEN V. WILSON
                                    UNITED STATES DISTRICT JUDGE
```